IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGEL RAFAEL PEREZ,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-05-2045** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **CAMERON LINDSAY, Warden,** | : | |
| | : | |
| Respondent | : | |

**M E M O R A N D U M**

**I.   Introduction**

Petitioner, Angel Rafael Perez, while an inmate at the Canaan Federal Prison Camp in Waymart, Pennsylvania,[1] commenced this action *pro se* by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Since Petitioner neither paid the required filing fee nor filed an application to proceed *in forma pauperis*, the court issued an administrative order (Doc. 3) dated October 20, 2005, directing Petitioner to pay the fee or file an application to proceed *in forma pauperis* within thirty (30) days from the date of the order. Thereafter, having received no fee or an *in forma pauperis* application, the court dismissed the case.

---

[1] Petitioner was subsequently transferred to the Metropolitan Detention Center in Brooklyn, New York.

(Doc. 4). Currently pending is Petitioner's motion for reconsideration of the court's order dismissing the case. Since a review of the record supports a conclusion that Petitioner timely **submitted** the required filing fee (Doc. 6 at 3), even though it was **received** by the court beyond the deadline set in the administrative order, Petitioner's motion for reconsideration will be granted, and the case will be reinstated. Nevertheless, for the following reasons, the petition will be dismissed under the rules governing habeas corpus petitions.

**II.   Background**

In July of 1990, Petitioner was sentenced to serve a term of federal imprisonment of 240 months. (Doc. 1 at 2.) Thereafter, the Federal Bureau of Prisons ("BOP") calculated Petitioner's projected release date to be September 27, 2009. (*Id*. at 3.) Since Petitioner has been sentenced to a term of imprisonment which exceeds one (1) year, he is eligible for an award of good conduct time ("GCT") pursuant to the provisions of 18 U.S.C. § 3624(b). His petition alleges that the BOP

has miscalculated his GCT,[2] and the purported miscalculation will improperly lengthen his sentence. (*Id*. at 5.) Petitioner is mistaken.

## III.   Discussion

### A. Summary Dismissal of Habeas Petition

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). The *Allen*

---

[2]To the extent that Petitioner seeks immediate placement in a Community Corrections Center ("CCC"), prisoners have no right to be housed in a particular institution, *Sandin v. Conner*, 515 U.S. 472, 478-79 (1995), and Petitioner is not entitled to consideration for mandatory placement in a CCC until the final six months of his imprisonment. 18 U.S.C. § 3624(c).

court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

### B. Calculation of Good Conduct Time

As previously noted, Petitioner is eligible to receive GCT. Petitioner argues that the BOP should implement the provisions of Program Statement 5100.07, Inmate Security Designation and Custody Classification, P5100.07 (Fed. Bureau of Prisons), to calculate his GCT. However, Program Statement 5100.07 is now rescinded. *See* Inmate Security Designation and Custody Classification, P5100.08, at 4 (Fed. Bureau of Prisons 9/12/06)) (hereinafter "Program Statement 5100.08 "). The language of Program Statement 5100.07 referenced by Petitioner is now found in Program Statement 5100.08, in Chapter 4, page 6. The section, titled "Months to Release," "reflects the estimated number of months the inmate is expected to be incarcerated," *id.* Ch. 4, p.6, and it is unrelated to calculation of GCT.

The statutory authority for awarding GCT to federal prisoners is set forth in 18 U.S.C. § 3624(b), which provides:

> a prisoner who is serving a term of imprisonment of more than one year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the

4

> end of the first year of the term, subject to determination
> by the Bureau of Prisons that, during that year, the
> prisoner has displayed exemplary compliance with
> institutional regulations.

18 U.S.C. § 3624(b).  The BOP's interpretation of this statute appears in Program Statement 5880.28, Sentence Computation Manual-CCCA, P5880.28 (Fed. Bureau of Prisons July 19, 1999) (hereinafter "Program Statement 5880.28"), which states that "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year."  (*See* Doc. 5, Ex. 2 at 2-3.)  Thus, at the end of the first year and each full year thereafter, the BOP makes a determination whether, during that year, the prisoner has "displayed exemplary compliance with institutional regulations."  18 U.S.C. § 3624(b)(1).  If the prisoner has, the BOP subtracts 54 days from the remainder of the term to be served, not from the year already served.

In the final year, the BOP cannot wait until the year's end for the prisoner's GCT determination.  Consequently, the statute specifies that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."  18 U.S.C. § 3624(b)(1).  Under this calculation, a prisoner is eligible to receive 0.148 (54/365) days of GCT for each day of

5

incarceration, again subject to the "exemplary compliance" standard. 28 C.F.R. § 523.20.

Petitioner claims that the BOP interpretation of the phrase "term of imprisonment" in § 3624 refers to the prisoner's entire sentence, rather than the time served on a year-by-year basis. In other words, Petitioner contends that because the phrase "term of imprisonment" refers to the actual length of the sentence imposed in the judgment and commitment order as opposed to the time served each year, GCT should be given to his entire sentence rather than as he earns it on a yearly basis. However, case law does not support this interpretation.

In *White v. Scibana*, 314 F. Supp. 2d 834, 838 (W.D. Wisc. 2004) ("*White I*"), the United States District Court for the Western District of Wisconsin adopted a position that would support Petitioner's argument and ruled that the BOP's GCT calculation method was invalid. The district court held that computation of GCT should be based on a prisoner's full sentence rather than the amount of time he has served. However, the Court of Appeals for the Seventh Circuit subsequently reversed *White I*, holding that the BOP's interpretation of the statute which awards credit for each year served in prison, rather than each year of the sentence imposed, was entitled

to deference. *White v. Scibana*, 390 F.3d 997, 1001-02 (7th Cir. 2004) ("*White II*"). Consequently, *White I* no longer lends support to Petitioner.

Furthermore, this court has previously addressed the GCT issue and rejected the analysis of *White I*. In *Hamilton v. Holt*, No. 1:CV-04-2264, slip op. (M.D. Pa. Jan. 4, 2005) (Rambo, J.), this court sustained the BOP's interpretation of § 3624(b). Moreover, at least four other Judges of this district have reached contrary conclusions to *White I*. *See Hill v. Nash*, No. 3:CV-02-1022, slip op. at 3 (M.D. Pa. Jan. 30, 2003) (Vanaskie, C.J.), *aff'd*, No 03-1392, slip op. (3d Cir. Aug. 29, 2003) (per curiam); *Robinson v. Nash,* No. 3:CV-04-1585, slip op. (M.D. Pa. Nov. 8, 2004) (Conaboy, J.); *Lopez v. Williamson*, No. 1:CV-04-2390, slip op. (M.D. Pa. Dec. 14, 2004) (Jones, J.); *Borrome v. Holt*, No. 3:CV-04-2104, slip op. (M.D. Pa. Dec. 30, 2004) (Caputo, J.).

The Third Circuit Court of Appeals has also held that the BOP's interpretation of the GCT statute is appropriate. *O'Donald v. Johns*, 402 F. 3d 172, 174 (3d Cir. 2005). Although the Third Circuit recognized that there was ambiguity in § 3624 with respect to the meaning of "term of imprisonment," it concluded that the BOP's interpretation of the statute was reasonable, and therefore entitled to deference. *Id.* ("BOP's interpretation comports with the language of the statute, effectuates the

7

statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated." *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2001)).  Thus, Petitioner's argument fails.

### C. Rule of Lenity

In the alternative, Petitioner claims that the rule of lenity mandates denial of the BOP's GCT calculation method. (Doc. 1 at 5.)  "The rule of lenity ensures that the penal laws will be sufficiently clear, so that individuals do not accidentally run afoul of them and courts do not impose prohibitions greater than the legislature intended." *Pacheco-Comacho*. 272 F.3d at 1271-72.  Petitioner argues that there is a disparity between Program Statement 5880.28 and Program Statement 5100.07, and the rule of lenity is appropriate in light of the ambiguity.  However, as previously noted, Program Statement 5100.07 (or 5100.08[3]) is inapplicable to GCT calculation.

Alternatively, if Petitioner's lenity argument relates to the internal ambiguity in 18 U.S.C. § 3624(b) that the Third Circuit recognized, this court will "not resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the

---

[3] As previously noted, Program Statement 5100.08 rescinded and replaced Program Statement 5100.07 with respect to the relevant language.  Therefore, the court will consider Petitioner's rule of lenity arguments in the context of Program Statement 5100.08.

statute" by considering it in conjunction with the BOP's interpretation. *O'Donald*, 402 F. 3d at 174.

## IV.  Conclusion

Since Petitioner sought to pay the required filing fee in a timely fashion, his motion for reconsideration of the court's dismissal of his petition for failure to pay the filing fee will be granted.  However, the petition is subject to summary dismissal since the BOP has correctly calculated Petitioner's GCT.  An appropriate order will issue.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: October 6, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ANGEL RAFAEL PEREZ,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-05-2045**
:
**v.** : **(Judge Rambo)**
:
**CAMERON LINDSAY, Warden,** :
:
    **Respondent** :

## O R D E R

**AND NOW**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) Petitioner's motion for reconsideration (Doc. 6) is **GRANTED**, and the petition for writ of habeas corpus is reinstated.

2) The petition for writ of habeas corpus is **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).

3) The Clerk of Court is directed to close this case.

    4) The court declines to issue a certificate of appealability.

                                                             s/Sylvia H. Rambo
                                                               Sylvia H. Rambo
                                                               United States District Judge

Dated: October 6, 2006.